*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2358**

State of Minnesota,
Appellant,

vs.

Jacob Robert Levy,
Respondent.

**Filed August 25, 2014
Reversed
Willis, Judge\***

Washington County District Court
File No. 82-CR-13-1736

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Peter Orput, Washington County Attorney, Robin M. Wolpert, Assistant County Attorney, Stillwater, Minnesota (for appellant)

Daniel S. Adkins, The Adkins Law Group, Chartered, Minneapolis, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Connolly, Judge; and Willis, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**WILLIS**, Judge

In this appeal from a pretrial order suppressing controlled substances and drug paraphernalia found in a duffle bag in the trunk of respondent's car, the state argues that the district court erred by determining that the odor of burnt marijuana coming from the driver's side window of the car did not establish probable cause to search the duffle bag in the trunk. We reverse.

## FACTS

While on patrol on the afternoon of May 7, 2013, Cottage Grove Police Officer Matthew Foucalt stopped a car after seeing it make an erratic lane change and clocking it at 50 miles per hour in a 35-mile-per-hour zone. Respondent Jacob Robert Levy was alone in the car. While standing next to the open driver's window, Foucalt noted an intense odor of burnt marijuana. When Foucalt asked how much marijuana was in the car, Levy's hands began to shake, and he looked away from Foucalt and stumbled over his words. Levy denied that there was marijuana in the vehicle. Foucalt told Levy that probable cause existed to search the car's interior for marijuana and instructed Levy to get out of the car. Levy stated that he was not consenting to a search. Foucalt informed Levy that he intended to conduct the search based on probable cause and was not seeking consent.

Foucalt searched the inside of the car but found no marijuana or other contraband there. Officers Michael McCormick and Terry Raymond came to assist, and McCormick began searching the car's trunk. McCormick found a duffle bag in the trunk; he removed

it from the trunk and unzipped it. The duffle bag contained controlled substances and drug paraphernalia.

Levy was arrested and charged with four counts of controlled-substance crime. He filed a motion to suppress the evidence found in the duffle bag and dismiss the charges against him. Following a contested omnibus hearing, the district court issued an order granting Levy's motion to suppress. The district court concluded that the odor of burnt marijuana coming from the driver's side window of the car provided probable cause to search the car's interior but that, when the search of the interior did not result in the discovery of any contraband, probable cause did not exist to expand the scope of the search to the trunk. This appeal follows.

## DECISION

On appeal from a pretrial order suppressing evidence, the state must clearly and unequivocally show that the suppression will have a critical impact on the state's ability to successfully prosecute the defendant and that the suppression was erroneous. *State v. Zais*, 805 N.W.2d 32, 35-36 (Minn. 2011).

"[T]he standard for critical impact is that the lack of the suppressed evidence significantly reduces the likelihood of a successful prosecution." *State v. Edrozo*, 578 N.W.2d 719, 723 (Minn. 1998) (quotation omitted). The suppression order will have a critical impact on the state's ability to successfully prosecute Levy because, without the evidence found in the duffle bag, there is no basis for any of the charges against him. *See State v. Miller*, 659 N.W.2d 275, 278 (Minn. App. 2003) ("[I]t is clear that the likelihood

of conviction of possession of drugs is significantly reduced without the drugs."), *review denied* (Minn. July 16, 2003).

An appellate court independently reviews the undisputed facts to determine whether, as a matter of law, the district court erred in granting a pretrial motion to suppress evidence. *State v. Harris*, 590 N.W.2d 90, 98 (Minn. 1999); *see also State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009) (stating that an appellate court reviews legal determinations de novo).

Both the United States and Minnesota Constitutions guarantee the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Warrantless searches are per se unreasonable unless they fall within a specific exception. *State v. Search*, 472 N.W.2d 850, 852 (Minn. 1991). The automobile exception to the warrant requirement provides that police may search a vehicle without a warrant if probable cause exists to believe that the search will uncover evidence or contraband. *Id.* "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity, the significant fact being not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of noncriminal acts." *State v. Holiday*, 749 N.W.2d 833, 843 (Minn. App. 2008) (quotation omitted).

We recognize that possession of a small amount of marijuana has been a noncriminal offense since 1976. 1976 Minn. Laws ch. 42, § 1, at 101-02 (currently codified as Minn. Stat. § 152.027, subd. 4 (2012)). In *Ortega*, the supreme court noted that the odor of burnt marijuana that justified the search of a passenger in a pre-1976 case

4

provided probable cause to believe that the passenger "possessed a *criminal* amount of marijuana as possession of any amount of marijuana was a crime under then-existing law." 770 N.W.2d at 149 n.2. The supreme court cautioned that probable cause to search a person does not necessarily trigger an exception to the warrant requirement. *Id.*

Caselaw does not support applying the caution noted in *Ortega* to a search conducted under the automobile exception to the warrant requirement. That exception is based in part on "a person's reduced expectation of privacy in a vehicle." *State v. Bauman*, 586 N.W.2d 416, 422 (Minn. App. 1998), *review denied* (Minn. Jan. 27, 1999). In *State v. Schinzing*, while searching a car's passenger compartment for open containers of alcohol, an officer found a stone used to hold a marijuana cigarette and a marijuana-cigarette butt. 342 N.W.2d 105, 107 (Minn. 1983) (applying 1982 law). The supreme court held that, if the officer lawfully discovered the stone and marijuana-cigarette butt, probable cause existed to search the car's trunk. *Id.* at 111. The court explained:

> The recent case of *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157 (1982), is instructive on this issue. In that case the Court held that, under the motor vehicle exception to the warrant requirement, police officers "may conduct a search of a vehicle that is as thorough as a magistrate could authorize in a warrant 'particularly describing the place to be searched.'" 456 U.S. at 800, 102 S. Ct. at 2159. Explaining the application of this principle, the Court stated: "A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. A warrant to open a footlocker to search for marijuana would also authorize the opening of packages found inside. A

5

> warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. . . ." 456 U.S. at 820-21, 102 S. Ct. at 2170-71.

*Id.* at 110-11.

Levy asserts that *Schinzing* held that "if a lawful discovery of contraband has occurred in a motor vehicle, then police have probable cause to believe that a further search of the vehicle might result in the discovery of more drugs or other contraband." Levy is correct that in *Schinzing*, the discovery of contraband, specifically a stone used for holding a marijuana cigarette and a marijuana-cigarette butt, established probable cause to search the car's trunk. But in *Schinzing*, the officer did not initially have probable cause to search for marijuana. Rather, the odor of alcohol coming from the car established probable cause to search the passenger compartment for open containers of alcohol. *Id.* at 109. At that point, probable cause to search the trunk did not exist because it is not illegal to carry open containers of alcohol in the trunk. *Id.* In this case, probable cause to search for marijuana existed based on the odor of burnt marijuana coming from the car, and the car's trunk was a place where marijuana could be found.

Levy also argues that, even if the odor of raw marijuana justifies a search beyond the passenger compartment, the odor of burnt marijuana does not because "the object of the search was *burnt* marijuana." *Schinzing* does not support the distinction that Levy urges. Like the odor of burnt marijuana here, the contraband found in *Schinzing* that justified expanding the scope of the search to the trunk were items indicating that marijuana could have been smoked in the car. The *Ross* rationale, followed by *Schinzing*,

6

also supports the conclusion that the search of the duffle bag was legal. We therefore conclude that the district court erred by suppressing the evidence found in the duffle bag.

**Reversed.**